IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, THE STATE OF NEW MEXICO, THE STATE OF OKLAHOMA *ex rel.* WILMECIA ROBINSON, <br><br> Plaintiffs, <br><br> v. <br><br> AHS MEDICAL HOLDINGS LLC d/b/a ARDENT HEALTH SERVICES, ARDENT HEALTH PARTNERS, LLC d/b/a ARDENT HEALTH SERVICES, and ARDENT HEALTH SERVICES, INC. d/b/a ARDENT HEALTH SERVICES, <br><br> Defendants. | Case No. 3:17-cv-00243 <br> Judge Aleta A. Trauger |

## MEMORANDUM AND ORDER

Before the court is the Motion to Dismiss Relator's Complaint (Doc. No. 31) under Rule 41(b) of the Federal Rules of Civil Procedure, filed by defendants AHS Medical Holdings LLC, Ardent Health Partners, LLC, and Ardent Medical Services, Inc., filed on July 12, 2018. The relator, Wilmecia Robinson, has not responded to the motion. For the reasons set forth herein, the motion will be granted and this case dismissed.

### I.  Procedural Background

Robinson, as relator, initiated this action in February 2017 by filing a sealed *qui tam* Complaint naming the United States of America, the State of New Mexico, and the State of Oklahoma as plaintiffs, and asserting claims under the False Claims Act, 31 U.S.C. § 3730(b)(4)(B). On April 10, 2018, the United States and the plaintiff United States filed their Notice of Election to Decline Intervention. (Doc. No. 30). Immediately thereafter, the court

entered an Order (the "April 11 Order") directing, among other things, that the Complaint be unsealed and served upon the defendants by the relator, that all other contents of this action remain under seal except as to matters occurring after the date of the April 11 Order, and that all pleadings and motions filed in this action be served upon the United States and the States of Oklahoma and New Mexico. (Doc. No. 31.)

On June 21, 2018, counsel for the relator filed their Motion to Withdraw pursuant to Rule 24(c) of the Federal Rules of Civil Procedure and Local Rule 83.01(g). (Doc. No. 32.) Pursuant to Local Rule 83.01(g), counsel expressly certified in their motion that, following notice that the United States and plaintiff States declined to intervene, counsel for the relator had informed the relator of their intent to withdraw as counsel via telephone and email communications. In those communications, counsel informed her that she had an obligation to serve the Complaint on the defendants no later than July 10, 2018. (Doc. No. 32.) On May 21, 2018, counsel sent the relator formal notice of their intent to withdraw via email and Fedex. A copy of the notice letter is attached to counsel's motion. (Doc. No. 32-1.) The letter confirmed that, on April 19, 2018, counsel had provided the relator with copies of all documents and files she had requested. It also notified the relator, again, that counsel's withdrawal would not affect the deadline for serving the Complaint on the defendants and that she had an obligation to serve the Complaint on the defendants by July 10, 2018. (*Id.*)

The court granted the Motion to Withdraw on June 26, 2018. On July 12, 2018, two days after the expiration of the date for service, the defendants filed their Motion to Dismiss. The plaintiff has not retained new counsel, requested an extension of the deadline for effecting service of process on the defendants, attempted late service, or responded to the defendants' motion.

## II. The Motion to Dismiss

In their motion, the defendants seek dismissal of the Complaint under Rule 41(b) on two grounds: (1) that the relator failed to comply with an express order—the court's April 11, 2018 Order—directing service of process on the defendants; and (2) that the relator violated the deadline for service mandated by Rule 4(m) of the Federal Rule of Civil Procedure by failing to effect service of process within ninety days after the Complaint was unsealed. (Doc. Nos. 36, 37.)

## III. Discussion

Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Federal Rules or any order of the court. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Id.* (quoting *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999)). The district court has "substantial discretion in serving these tasks." *Id.*

Nevertheless, "[t]he dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Id.* The Sixth Circuit has defined "contumacious" to mean "perverse in resisting authority" and "stubbornly disobedient." *Id.* at 737 (quoting Webster's Third New International Dictionary 497 (1986)). Generally, the district court is to consider four factors in deciding whether to dismiss for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal

was ordered.

*Id.* (quoting *Knoll*, 176 F.3d at 363). No one factor is dispositive. *Id.*

To support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault under the first factor, the plaintiff's conduct generally "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (brackets and internal quotation marks omitted); *see also Harmon v. CSX Transp.*, 110 F.3d 364, 368 (6th Cir. 1997) (affirming the dismissal of the case and finding the plaintiff's conduct to be "stubbornly disobedient and willfully contemptuous" where the plaintiff failed for nearly one year to respond to discovery requests and a motion to compel, did not comply with a court order, and filed no response to a motion to dismiss even after the district court granted an extension).

The Sixth Circuit has held that a defendant is prejudiced by the plaintiff's conduct where the defendant "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Id.*.

As for the third factor, "[p]rior notice, or the lack thereof, is . . . a key consideration" in determining whether a district court abused its discretion in dismissing a case for failure to prosecute. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998). The Sixth Circuit has "repeatedly reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal." *Wu*, 420 F.3d at 644 (internal quotation marks omitted).

And finally, the Sixth Circuit has cautioned that the sanction of dismissal is appropriate only if a party's actions amount to failure to prosecute and "no alternative sanction would protect

the integrity of the pretrial process." *Id.* To be clear, consideration of lesser sanctions is not necessarily fatal, but some manifestation that the court exercised its discretion to dismiss a case under Rule 41(b) "with appropriate forethought" is particularly relevant "in the absence of contumacious conduct." *Harmon*, 110 F.3d at 368–69. The Sixth Circuit, however, will "not assume that lesser sanctions were not considered simply because their consideration is not articulated." *Id.* at 368.

Applying these factors in this case, the court will exercise its discretion to grant the defendants' motion to dismiss under Rule 41(b). First, it is clear that the plaintiff failed to comply with the April 11 Order directing service of process on the defendants. That failure also amounts to a violation of Rule 4(m), which requires service on defendants within 90 days after a complaint is filed or, in this case, unsealed. The plaintiff's non-compliance with both the April 11, 2018 Order and Rule 4(m) is due to willfulness or fault. *Accord Patton v. Nance,* No. 3:13-CV-147-TAV-CCS, 2016 WL 7469603, at *2 (E.D. Tenn. Dec. 28, 2016) ("[T]he Court can discern no reason for Plaintiff's failure [to prosecute] other than willfulness or fault."). The court expressly directed the relator to serve the Complaint upon the defendants, and the relator's former counsel notified her in their withdrawal letter that she must serve the defendants with the Complaint no later than July 10, 2018. (Doc. No. 32-1, at 1.) The relator's former counsel also expressly warned her that their withdrawal did "not affect Relator's deadline to serve" the defendants. (*Id.*) Thus, the relator's failure to serve the Complaint is solely attributable to the relator and must be considered willful.

The defendants have been prejudiced by the relator's failure to comply with the court's order by, at a minimum, being required to expend the time, resources and expense of filing their Motion to Dismiss. In addition, the relator filed the Complaint almost two years ago, and the

delay in serving the defendants and proceeding with discovery likely prejudiced the defendants through the loss of evidence.

The plaintiff knew about the service deadline and received notice that failure to effect service of process might result in dismissal of the Complaint through the filing of the defendants' motion. *Accord Harmon*, 110 F.3d at 368 (finding that, where the defendant had filed a motion to dismiss, the plaintiff had notice that the district court was contemplating dismissal of the complaint). After the filing of that motion—just two days after the expiration of the July 10, 2018 service deadline under Rule 4(m)—the relator did not seek an extension of the deadline for serving the Complaint or respond in any way to the motion to dismiss.

Finally, in addition to the relator's failure to comply with the court's April 10, 2018 Order, the plaintiff has failed to retain substitute counsel and failed to respond to the defendants' Motion to Dismiss. She has, in fact, taken no action to move this case toward resolution since the filing of her former counsel's Motion to Withdraw in June 2018. The plaintiff's complete failure to prosecute this action since that date justifies dismissal of this case under Rule 41(b) for failure to prosecute. Under the circumstances, a lesser sanction would not be appropriate.

**IV. Conclusion and Order**

The defendant's Motion to Dismiss (Doc. No. 36) under Rule 41(b), based on the plaintiff's failure to comply with an express court order and failure to prosecute, is **GRANTED**, and this case is **DISMISSED**.

This is the final order in this case, for purposes of Fed. R. Civ. P. 58.

It is so **ORDERED**.

ENTER this 17th day of January 2019.

ALETA A. TRAUGER
United States District Judge